UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'ARRIGO BROS. CO. OF NEW YORK, INC.,

                      Plaintiff,          Case No.: **17-cv-4512**

  -against-

DOMANTH INC., DOMANTH INC. T/A MEDOFF,   **COMPLAINT (to Enforce Payment**
DOMINIC D. BELLIFEMINE and ANTHONY J.   **From Produce Trust)**
BELLIFEMINE,

                      Defendants.

D'ARRIGO BROS. CO. OF NEW YORK, INC. (hereinafter referred to as "D'Arrigo" or "plaintiff"), for its complaint against defendant, alleges:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §1332.

2. Venue in this District is based on 28 U.S.C. §1391 in that the events constituting the claims arose in this District.

## PARTIES

3. Plaintiff is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

4. Defendant, DOMANTH INC. (hereinafter referred to as "Domanth" or "defendant"), upon information and belief, is a foreign corporation with a principal place of business at 235

1

George Street, New Brunswick, New Jersey 08901-1315 doing business in the State of New York, and was at all times pertinent herein, a dealer and commission merchant and subject to and licensed under the provisions of the PACA as a dealer and commission merchant.

5. Defendant, DOMANTH INC. T/A MEDOFF (hereinafter referred to as "Medoff" or "defendant"), upon information and belief, is a foreign corporation trading as Medoff, with a principal place of business at 235 George Street, New Brunswick, New Jersey 08901-1315 doing business in the State of New York, and was at all times pertinent herein, a dealer and commission merchant and subject to and licensed under the provisions of the PACA as a dealer and commission merchant.

6. Domanth and Medoff, their agents, servants, its employees purchased perishable agricultural commodities exceeding $230,000.00 annually and/or purchasing at least 2,000 lbs. of perishable agricultural commodities on any one day, as such, is a dealer in perishable agricultural commodities and subject to the Act.

7. The defendant, DOMINIC D. BELLIFEMINE (hereinafter referred to as "Dominic"or "defendant"), at all times herein mentioned was and is resident of the State of New Jersey, and the principal, officer, director and shareholder of Domanth, a conscious moving force concerning the operations of that corporation and whose decision it was to determine to whom payments of invoice amounts would be made representing the sale of perishable agricultural commodities delivered to it as well as other payments to PACA beneficiaries, including but not limited to the plaintiff herein.

2

8. The defendant, Dominic, directed all of the activities and operations of Medoff.

9. The defendant, ANTHONY J. BELLIFEMINE ((hereinafter referred to as "Anthony" or "defendant"), at all times herein mentioned was and is resident of the State of New Jersey, and the principal, officer, director and shareholder of Domanth, a conscious moving force concerning the operations of that corporation and whose decision it was to determine to whom payments of invoice amounts would be made representing the sale of perishable agricultural commodities delivered to it as well as other payments to PACA beneficiaries, including but not limited to the plaintiff herein.

10. The defendant, Anthony, directed all of the activities and operations of Medoff.

## GENERAL ALLEGATIONS

11. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

12. Plaintiff sold and delivered to defendants $54,976.50 worth of wholesale quantities of produce.

13. Defendants have failed to pay for the produce when payment was due, despite repeated demands and presently owes plaintiff $54,976.50.

14. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of each defendant since the creation of the trust.

15. Plaintiff preserved its interest in the PACA trust in the amount of $54,976.50 and remains a beneficiary until full payment is made for the produce.

16. The defendants are experiencing severe cash flow problems and are unable to pay plaintiff for the produce plaintiff supplied.

17. The defendants' failure and inability to pay shows that the defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and is dissipating trust assets.

## COUNT 1 AGAINST DOMANTH
### (FAILURE TO PAY TRUST FUNDS)

18. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "17" above as if fully set forth herein.

19. The failure of defendant to make payment to plaintiff of trust funds in the amount of $54,976.50 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $54,976.50 to plaintiff.

## COUNT 2 AGAINST DOMANTH
### (FAILURE TO PAY FOR GOODS SOLD)

20. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "19" above as if fully set forth herein.

21. Defendant, Domanth, failed and refused to pay plaintiff $54,976.50 owed to plaintiff for produce received by defendant, Domanth, from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $54,976.50 against the defendant, Domanth.

4

### COUNT 3 AGAINST DOMANTH
### (INTEREST AND ATTORNEY'S FEES)

22. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "21" above as if fully set forth herein.

23. As a result of defendant's, Domanth, failure to make full payment promptly of $54,976.50, plaintiff has lost the use of said money.

24. As a further result of defendant's, Domanth, failure to make full payment promptly of $54,976.50, plaintiff, has been required to pay attorney's fees and costs in order to bring this action to require defendant, Domanth, to comply with their statutory duties.

### COUNT 4 AGAINST MEDOFF
### (FAILURE TO PAY TRUST FUNDS)

25. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "24" above as if fully set forth herein.

26. The failure of defendant, Medoff, to make payment to plaintiff of trust funds in the amount of $54,976.50 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $54,976.50 to plaintiff.

### COUNT 5 AGAINST MEDOFF
### (FAILURE TO PAY FOR GOODS SOLD)

27. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "26" above as if fully set forth herein.

28. Defendant, Medoff, failed and refused to pay plaintiff $54,976.50 owed to plaintiff for produce received by defendant, Medoff, from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $54,976.50 against the defendant, Medoff.

## COUNT 6 AGAINST MEDOFF
## (INTEREST AND ATTORNEY'S FEES)

29. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "28" above as if fully set forth herein.

30. As a result of defendant's, Medoff, failure to make full payment promptly of $54,976.50, plaintiff has lost the use of said money.

31. As a further result of defendant's, Medoff, failure to make full payment promptly of $54,976.50, plaintiff, has been required to pay attorney's fees and costs in order to bring this action to require defendant, Medoff. to comply with their statutory duties.

## COUNT 7 AGAINST DOMINIC
## (FAILURE TO PAY TRUST FUNDS)

32. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "31" above as if fully set forth herein.

33. The defendant, Dominic, was an officer, director and shareholder of the corporate defendant, Medoff, in charge of writing checks to pay accounts payable of the corporate defendant, Medoff, including but not limited to plaintiff's claims as hereinbefore set forth.

34. The defendant, Dominic, elected not to pay plaintiff's claims as hereinbefore set forth.

35. The defendant, Dominic, is personally responsible to pay all sums due to the plaintiff.

**WHEREFORE**, plaintiff requests judgment against each of the defendants for prejudgment interest, costs and attorneys fees.

## COUNT 8 AGAINST DOMINIC
### (FAILURE TO PAY FOR GOODS SOLD)

36. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "35" above as if fully set forth herein.

37. Defendant, Dominic, failed and refused to pay plaintiff $54,976.50 owed to plaintiff for produce received by defendant, Dominic from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $54,976.50 against the defendant.

## COUNT 9 AGAINST DOMINIC
### (INTEREST AND ATTORNEY'S FEES)

38. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "37" above as if fully set forth herein.

39. As a result of defendant's, Dominic, failure to make full payment promptly of $54,976.50 plaintiff has lost the use of said money.

40. As a further result of defendant's, Dominic, failure to make full payment promptly of $54,976.50, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendant, Dominic, to comply with its statutory duties.

WHEREFORE, plaintiff requests judgment against the defendant for prejudgment interest, costs and attorney's fees.

## COUNT 10 AGAINST ANTHONY
### (FAILURE TO PAY TRUST FUNDS)

41. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "40" above as if fully set forth herein.

7

42. The defendant, Anthony, was an officer, director and shareholder of the corporate defendant, Medoff, in charge of writing checks to pay accounts payable of the corporate defendant, Medoff, including but not limited to plaintiff's claims as hereinbefore set forth.

43. The defendant, Anthony, elected not to pay plaintiff's claims as hereinbefore set forth.

44. The defendant, Anthony, is personally responsible to pay all sums due to the plaintiff.

**WHEREFORE**, plaintiff requests judgment against each of the defendants for prejudgment interest, costs and attorneys fees.

### COUNT 11 AGAINST ANTHONY
### (FAILURE TO PAY FOR GOODS SOLD)

45. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "44" above as if fully set forth herein.

46. Defendant, Anthony, failed and refused to pay plaintiff $54,976.50 owed to plaintiff for produce received by defendant, Anthony, from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $54,976.50 against the defendant.

### COUNT 12 AGAINST ANTHONY
### (INTEREST AND ATTORNEY'S FEES)

47. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "46" above as if fully set forth herein.

48. As a result of defendant's, Anthony, failure to make full payment promptly of $54,976.50 plaintiff has lost the use of said money.

49. As a further result of defendant's, Anthony, failure to make full payment promptly of $54,976.50, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendant, Anthony, to comply with its statutory duties.

WHEREFORE, plaintiff requests judgment against the defendant for prejudgment interest, costs and attorney's fees.

Dated this 15th day of June, 2017

                                                  Respectfully submitted,

                                                  KREINCES & ROSENBERG, P.C.

By:_____
                                                  LEONARD KREINCES (LK/6524)
                                                  Attorneys for Plaintiff
                                                  900 Merchants Concourse, Suite 305
                                                  Westbury, New York 11590
                                                  (516) 227-6500

Z:\kreinces1\WORK\HUNTSPOINT\D'Arrigo Bros\v Medoff Bros\Complaint PACA.wpd